[921 NYS2d 529]

In the Matter of SCEVIA STORR ELLIS, an Attorney, Resignor.

Second Department, April 26, 2011

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

*Scevia Storr Ellis*, Jamaica, resignor pro se.

**OPINION OF THE COURT**

Per Curiam.

Scevia Storr Ellis has submitted an affidavit dated September 28, 2010, wherein she tenders her resignation as an attorney

and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Ellis was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 23, 1995.

Ms. Ellis avers that she is submitting her resignation freely and voluntarily with a full awareness of the implications of its submission, including being barred from seeking reinstatement for at least seven years. She also acknowledges that she is not being subjected to coercion or duress.

Ms. Ellis is aware that she is the subject of an investigation by the Queens County District Attorney's office into allegations that she engaged in criminal facilitation in the fourth degree, a class A misdemeanor. She acknowledges that she could not defend herself on the merits against charges predicated upon those allegations. She submits her resignation subject to any application which could be made by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection of the State of New York, pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of the Court to make such an order. In addition, she expresses her awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against her. She specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends that the resignation be accepted.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Ms. Ellis is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that the resignation of Scevia Storr Ellis is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Scevia Storr Ellis is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Scevia Storr Ellis shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Scevia Storr Ellis is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Scevia Storr Ellis has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Ms. Ellis shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).